MARY'S OPINION HEADING 








NO. 12-10-00053-CR

 

IN
THE COURT OF APPEALS 

 

TWELFTH COURT OF
APPEALS DISTRICT

 

TYLER,
TEXAS

JOHNX RAY GREER,                                 §                      APPEAL
FROM THE 217TH

APPELLANT

 

V.                                                                    §                      JUDICIAL
DISTRICT COURT OF

 

THE
STATE OF TEXAS,

APPELLEE                                                   §                      ANGELINA
 COUNTY, TEXAS

                                                                                                                                                          


MEMORANDUM
OPINION

Johnx
Ray Greer appeals his conviction for aggravated robbery, for which he was
sentenced to imprisonment for thirty-five years.  In two issues, Appellant
contends that the evidence is neither legally nor factually sufficient to
support the trial court’s judgment.  We affirm.

 

Background

Michael
Champion was working as a pizza delivery man for Papa John’s Pizza.  On or
about the night of October 21, 2008, Champion was attempting to deliver pizzas
that had been ordered for a house on Booker Street in Lufkin, Texas.  As he
stood near the house, two men approached him.  One man, later identified by an
accomplice as Appellant, was wearing a white hooded sweatshirt or “hoodie.” 
The other man was wearing a black hoodie.  According to Champion, the man in
the white hoodie brandished a small, chrome plated, semiautomatic pistol and
attempted to take the pizzas from him.  Champion resisted.  Champion, who was
focused on the pistol being pointed at him, heard it make a clicking sound. 
Believing that his life was in danger, Champion retreated, removed a .22
caliber revolver from his pocket,[1] and fired two
shots at the man in the white hoodie.  The second shot struck the man in his
backside, and both assailants fled the scene.  

Appellant
was charged by indictment with aggravated robbery.  Appellant pleaded “not
guilty,” and the matter proceeded to a bench trial.  Ultimately, the trial
court found Appellant “guilty” as charged and sentenced him to imprisonment for
thirty-five years.  This appeal followed.

 

Evidentiary Sufficiency

            In
his first issue, Appellant argues that the evidence is not legally sufficient
to support the trial court’s judgment.  In his second issue, Appellant argues
that the evidence is not factually sufficient to support the trial court’s
judgment.  In conjunction with these issues, Appellant contends that Wesley
Black’s accomplice testimony is not sufficiently corroborated.  

Standard
of Review and Governing Law

Legal
sufficiency is the constitutional minimum required by the Due Process Clause of
the Fourteenth Amendment to sustain a criminal conviction.  See Jackson,
443 U.S. at 315-16, 99 S. Ct. at 2786-87; see also Escobedo v. State,
6 S.W.3d 1, 6 (Tex. App.–San Antonio 1999, pet. ref=d). 
The standard for reviewing a legal sufficiency challenge is whether any
rational trier of fact could have found the essential elements of the offense
beyond a reasonable doubt.  See Jackson, 443 U.S. at 320, 99 S.
Ct. at 2789; see also Johnson v. State, 871 S.W.2d 183, 186 (Tex.
Crim. App. 1993).  The evidence is examined in the light most favorable to the
verdict.  See Jackson, 443 U.S. at 320, 99 S. Ct. at 2789; Johnson,
871 S.W.2d at 186.  A successful legal sufficiency challenge will result in
rendition of an acquittal by the reviewing court.  See Tibbs v. Florida,
457 U.S. 31, 41-42, 102 S. Ct. 2211, 2217-18, 72 L. Ed. 2d 652 (1982).

The
sufficiency of the evidence is measured against the offense as defined by a
hypothetically correct jury charge.  See Malik v. State, 953
S.W.2d 234, 240 (Tex. Crim. App. 1997).  Such a charge would include one that
“accurately sets out the law, is authorized by the indictment, does not
unnecessarily increase the State=s
burden of proof or unnecessarily restrict the State=s
theories of liability, and adequately describes the particular offense for
which the defendant is tried.”  Id. 

To
support Appellant’s conviction for aggravated robbery, the State was required
to prove that Appellant unlawfully appropriated property with intent to deprive
the owner of the property, and in the course of so doing, while possessing the
intent to maintain control over the property, intentionally or knowingly
threatened or placed another in fear of imminent bodily injury or death and
used or exhibited a deadly weapon.  See Tex. Penal Code Ann. §§ 29.02(a)(2), 29.03(a)(2),
31.03(a) (Vernon 2003 & Supp. 2010). Appropriation of property is unlawful
if it is without the owner's effective consent. See Tex. Penal Code Ann. § 31.03(b)(1)
(Vernon Supp. 2010). “Appropriate” means to acquire or otherwise exercise
control over property other than real property.  See Tex. Penal Code Ann. § 31.01(4)(B)
(Vernon Supp. 2010).

Accomplice
Testimony

In
the case at hand, the State offered the accomplice testimony of Wesley Black. 
Texas Code of Criminal Procedure, article 38.14 states that “[a] conviction
cannot be had upon the testimony of an accomplice unless corroborated by other
evidence tending to connect the defendant with the offense committed; and the
corroboration is not sufficient if it merely shows the commission of the
offense.”  Tex. Code Crim. Proc. Ann. art.
38.14 (Vernon 2005).  In order to determine whether the accomplice witness
testimony is corroborated, we must eliminate all accomplice evidence and
determine whether the other inculpatory facts and circumstances in evidence
tend to connect the appellant to the offense.  See McDuff v. State, 939
S.W.2d 607, 612 (Tex. Crim. App. 1997).  The nonaccomplice evidence does not
have to directly link the appellant to the crime, nor does it alone have to
establish his guilt beyond a reasonable doubt; but rather, the nonaccomplice
evidence merely has to tend to connect the appellant to the offense.  Id.
at 613.  The appellant’s presence in the company of the accomplice before,
during, and after the commission of the offense coupled with other suspicious
circumstances may tend to connect the appellant to the offense.  See Dowthitt
v. State, 931 S.W.2d 244, 249 (Tex. Crim. App. 1996).  Moreover,
evidence that the defendant was near or at the place of the offense around the
time of its occurrence is proper corroborating evidence.  See Burks v.
State, 876 S.W.2d 877, 888 (Tex. Crim. App. 1994).

Discussion
of Evidence

Black
testified that he was with Appellant at Appellant’s house on the day in
question.  While there, according to Black, Appellant asked him if he wanted to
“hit a lick,” which he explained meant to “go get some money.”  Black later
clarified that he knew they were going to rob a pizza delivery man because
Appellant told him so.  Black stated that Appellant called for a pizza delivery
on his telephone, that the two waited fifteen minutes, and that they went to
the house on Booker Street to wait for the delivery.  Black testified that
Appellant was wearing a white hoodie and that he was wearing a black hoodie. 
Black further testified that Appellant carried a gun regularly and that he knew
Appellant had a gun that night.  Black further stated that when the pizza
delivery man arrived, Appellant pulled out his gun, approached the delivery man
with the gun pointed at him, and began to “tussle” with him over the boxes of
pizza.  Next, according to Black, the delivery man pulled out his own weapon. 
Black testified that he heard a “pop,” and that he and Appellant ran back to
Appellant’s house.  Black further testified that he was at Appellant’s house
when Appellant’s father came home and that he told Appellant’s father that
Appellant had been shot.

Champion
testified that he was working as a pizza delivery man for Papa John’s. 
Champion further testified that on October 21, 2008, he was attempting to
deliver pizza that had been ordered for a house located on Booker Street. 
Champion stated that as he stood near the house, two men approached him, one
wearing a white hoodie and the other wearing a black hoodie.  According to
Champion, the man in the white hoodie brandished a small, chrome plated,
semiautomatic pistol and attempted to take the pizzas from him.  Champion
stated that he resisted and was focused on the pistol being pointed at him when
he heard it make a clicking sound.  Champion further stated that he believed
his life was in danger, retreated a short distance, pulled a .22 caliber
revolver from his pocket, and fired two shots at the man in the white hoodie. 
Champion stated that the second shot struck the man in the backside causing him
to jump as both assailants fled the scene.

Lufkin
Police Officers Chris Nash and Christy Pate both testified that a pistol and a
white hoodie were found at Appellant’s house in a chair on the front porch 
Officer David Campbell stated that he performed a function test on the pistol
found at Appellant’s house and determined that the pistol would make a clicking
sound, but would not discharge.  Detective J.B. Smith testified that a cellular
telephone that was recovered from the car Black was driving had the same San
Marcos phone number that was given to the Papa John’s Pizza restaurant in conjunction
with the order Champion was delivering to Booker Street.[2] 
Appellant’s father, Donald Greer, testified that Appellant had recently
returned from a stint at Job Corps in San Marcos, Texas.  Greer further
testified that when he returned home from choir practice on October 21, 2008, a
young man he did not recognize told him that Appellant had been shot.  Greer
stated that he took Appellant to the hospital for treatment of his gunshot
wound. 

Appellant
testified on his own behalf.  He denied planning or participating in the
robbery at issue.  However, he stated that he was near the scene at the time in
question, saw three individuals arguing, heard gunfire, and was struck by one
of the bullets.  Appellant stated that he ran home after the incident, and
placed his white hoodie in the chair on the front porch of his house. 
Appellant further testified about having been at Job Corps in San Marcos,
Texas, before coming home to Lufkin for a brief period.  Appellant stated that
he lent someone his phone to make a phone call on the day in question. 
Finally, Appellant testified that he and a friend had previously found a gun on
the railroad tracks and that the friend must have left the gun at his house.

In
sum, the nonaccomplice testimony indicates that Champion testified that he was
robbed by a man in a white hoodie, that the man brandished a pistol, that the
man attempted to fire that pistol at him, but that the pistol made a clicking
sound, and that he fired two shots at the man, striking the man in the backside
with the second shot.  Appellant’s phone’s San Marcos number matched the number
that was given to Papa John’s Pizza restaurant pertaining to the order Champion
was delivering.  Police recovered at Appellant’s residence a white hoodie and a
pistol that would make a clicking sound, but not discharge.  Appellant received
a gunshot wound that night and was, by his own testimony, near the scene at the
time of the events in question.  After eliminating Black’s accomplice witness
testimony from our consideration and conducting an examination of the
nonaccomplice evidence, we conclude that the nonaccomplice evidence tends to
connect Appellant to the offense sufficiently to corroborate Black’s testimony.

Further,
having examining all of the aforementioned evidence in the light most favorable
to the jury=s verdict, we conclude that the
jury could have reasonably determined beyond a reasonable doubt that Appellant
committed aggravated robbery against Champion.  Therefore, we hold that the
evidence was legally sufficient to support the trial court’s judgment.  Appellant=s
first issue is overruled.  We decline to reach Appellant’s second issue.[3]

 

Disposition

            Having
overruled Appellant’s first issue and having declined to consider Appellant’s
second issue, we affirm the trial court’s judgment.

 

 

   
SAM GRIFFITH   

         
  Justice

 

 

Opinion delivered November 17, 2010.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

                                                            (DO
NOT PUBLISH)            









[1] The record reflects that
Champion possessed a license to carry a concealed handgun. 





[2] The record reflects that
Appellant’s wallet and other personal effects were found in the same vehicle. 





 

[3]
We initially note that the court of criminal appeals has recently held that
there is “no meaningful distinction between the Jackson v. Virginia legal
sufficiency standard and the Clewis factual sufficiency standard
and that “the Jackson v. Virginia standard is the only standard
that a reviewing court should apply in determining whether the evidence is
sufficient to support each element of a criminal offense that the State is
required to prove beyond a reasonable doubt.”  See Brooks v. State,
No. PD-0210-09, 2010 WL 3894613, at *8, 14  (Tex. Crim. App. Oct. 6, 2010). 
Consequently, the court of criminal appeals overruled the factual sufficiency
standard of review as set forth in Clewis v. State, 922 S.W.2d
126, 134 (Tex. Crim. App. 1996) and its progeny.  See id.